IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROBERT STRATTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 11-142 |
| | ) | |
| | ) | Judge Nora Barry Fischer |
| CO I STEVE, BRIAN COLEMAN, SCI | ) | Magistrate Judge Maureen P. Kelly |
| Fayette Superintendent, CAPT. BARRIER, | ) | |
| DR. PETE SAAVADRE, DR. GALLUCCI, | ) | [ECF No. 50] |
| MS. SUE BARRIER, P.A. MR. MEYER, | ) | |
| MS. SHELLY MANKEY, LT. LESURE, | ) | |
| MS. KERRI CROSS, Hearing Examiner, | ) | |
| CO I COLLINS, MS. SUMMER DUGAN, | ) | |
| MR. JASON COOK, MS. J. BROWN, | ) | |
| MS. RICHELLE ZIRKLE, CO I HOSACK, | ) | |
| CO I MURPHY, CAPT. CARL WALKER, | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss filed by Defendants [ECF No. 50] be denied.

## II. REPORT

### A. FACTUAL AND PROCEDURAL BACKGROUND

Robert Stratton ("Plaintiff") is a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), and is currently incarcerated at the State Correctional Institution at Forest ("SCI – Forest"). Plaintiff has filed a civil rights action against the Superintendent, a number of corrections officers and medical providers employed at State Correctional Institution

1

at Fayette ("SCI – Fayette"), where Plaintiff was previously housed (collectively, the "DOC Defendants").

Plaintiff's Amended Complaint [ECF No. 17] alleges claims arising out of the conditions of his confinement and the treatment he received for his mental illness. Defendants have filed a Motion to Dismiss the Amended Complaint on the grounds that Plaintiff has failed to exhaust the administrative remedies provided through the DOC prison grievance procedures as to each of his claims. Defendants argue that this omission requires dismissal of Plaintiff's action pursuant to the terms of the Prison Litigation Reform Act, 42 U.S.C. § 1997(e). Plaintiff opposes the Motion to Dismiss, contending that he has filed appropriate grievances when permitted and, because of the restrictions placed upon him, his access to the grievance process has been obstructed so as to excuse any noncompliance. [ECF No. 55, p.3].

**B.      STANDARD OF REVIEW**

Pursuant to Fed.R.Civ.P. 12(b)(6), in deciding a motion to dismiss, the court must read the complaint in the light most favorable to the non-moving party and all well pleaded, material allegations in the complaint must be taken as true. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397–98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly et.al., 550 U.S. 544, 555 (2007). In Twombly the Court made clear that it would not require a "heightened fact pleading of specifics," but only "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A "pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted).

In 2009, the United States Supreme Court revisited the requirements for surviving a 12(b)(6) motion to dismiss in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Supreme Court made clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [are] not suffic[ient]" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 1949. Only "a complaint that states a plausible claim for relief [will] survive[ ] a motion to dismiss." Id. at1950.

In light of the decision in Iqbal, the United States Court of Appeals for the Third Circuit set forth a two-part analysis to be applied by district courts when presented with a 12(b)(6) motion. First, the court must separate the legal elements and factual allegations of the claim, with the well-pleaded facts accepted as true but the legal conclusions disregarded. Fowler v. UPMC Shadyside, 578 F.3d 203, 210–211 (3d Cir. 2009). Second, the court must determine whether the

facts alleged in the complaint demonstrate that the plaintiff has a "plausible claim for relief." Id. at 211. If the court can only infer the mere possibility of misconduct, the complaint must be dismissed because it has alleged—but has failed to show—that the pleader is entitled to relief. Id.

Furthermore, because Plaintiff is a prisoner and names governmental entities or employees thereof as defendants, the screening provisions of the Prisoner Litigation Reform Act ("PLRA") found at 28 U.S.C. § 1915A apply. In addition, because Plaintiff complains about "prison conditions," the screening provisions of 42 U.S.C. § 1997e apply, as do the screening provisions of 28 U.S.C. § 1915(e), given that he was granted in forma pauperis status to pursue this suit. The court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n. 6 (9th Cir. 2000). Hence, if there is a ground for dismissal, which is not relied upon by a defendant in a motion to dismiss, the court may nonetheless *sua sponte* rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez; Dare v. U.S., CIV.A.06-115E, 2007 WL 1811198, at *4 (W.D. Pa. June 21, 2007), aff'd, 264 Fed. Appx. 183 (3d Cir. 2008).

Lastly, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

C.  **DISCUSSION**

Defendants argue that Plaintiff's claims should be dismissed for failure to comply with the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), which provides:

4

> No action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Cutter v. Wilkinson, 544 U.S. 709, 723 n. 12, (2005) (noting that the PLRA requires that "a prisoner may not sue under RLUIPA without first exhausting all available administrative remedies."); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (10th Cir. May 8, 1997). The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87–91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228–29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) ("Based on our earlier discussion of the PLRA's legislative history, [ ... ] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to

5

prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

No analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. at 218. See also Spruill, 372 F.3d at 231 (having concluded that the PLRA includes a procedural default component, the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural default.").

The DC–ADM 804 grievance system, available to state prisoners, consists of three separate stages. First, the prisoner is required to timely submit a written grievance for review by the facility manager or the regional grievance coordinator within fifteen days of the incident, who responds in writing within ten business days. Second, the inmate must timely submit a written appeal to intermediate review within ten working days, and again the inmate receives a written response within ten working days. Finally, the inmate must submit a timely appeal to the Central Office Review Committee within fifteen working days, and the inmate will receive a final determination in writing within thirty days. See Booth v. Churner, 206 F.3d 289, 293 n. 2 (3d Cir. 1997), aff'd. 532 U.S. 731 (2001).

In his response to Defendants' Motion to Dismiss, Plaintiff contends that he filed a grievance concerning at least one of his claims on or about May 25, 2011. [ECF No. 55, p.2]. Plaintiff further contends that his ability to participate in the grievance process was obstructed

"by prison officials and staff." Id. The United States Court of Appeals for the Third Circuit has held that interference with an inmate's attempts at exhaustion impact the availability of the administrative remedy process. Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) ("A grievance procedure is not available even if one exists on paper if the defendant prison officials somehow prevent a prisoner from using it."). See also Berry v. Klem, 283 Fed. Appx. 1, 5 (3d Cir. 2008) *774 ("[Plaintiff] contended that the severity of his injuries prevented him from timely filing his initial grievance. [... and] also argued that the administrative grievance process was not available to him because he feared serious harm for filing a grievance. While that claim may not ultimately prevail, his allegations put in question the availability of the remedy."); McKinney v. Guthrie, 309 Fed. Appx. 586, 588 (3d Cir. 2009) ("[A]n administrative remedy may be unavailable if a prisoner is prevented by prison authorities from pursuing the prison grievance process."); Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002) ("Assuming security officials told Brown to wait for the termination of the investigation before commencing a formal claim, and assuming the defendants never informed Brown that the investigation was completed, the formal grievance proceeding required by DC-ADM 804 was never "available" to Brown within the meaning of 42 U.S.C. § 1997e.").

In the present case, and at this stage of the litigation, construing all allegations in favor of the pro se non-movant, failure to exhaust does not provide a basis for the dismissal of this case. It is impossible to determine whether Plaintiff exhausted the claims of this lawsuit or was obstructed from doing so as alleged. Accordingly, dismissal of Plaintiff's Complaint is not appropriate.

D.  **CONCLUSION**

For the foregoing reasons, is respectfully submitted that the Motion to Dismiss [ECF No. 50] be denied, without prejudice to raise exhaustion as a complete defense by the filing of a motion for summary judgment after discovery as to this issue is complete.

In accordance with the Magistrate Judges Act, 28 U.S.C. ' 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections will waive the right to appeal.  <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

    Respectfully submitted,

    /s/ Maureen P. Kelly
    MAUREEN P. KELLY
    UNITED STATES MAGISTRATE JUDGE

Dated: April 26 , 2012

cc:    The Honorable Nora B. Fischer
    United States District Judge

    All counsel of record by Notice of Electronic Filing

    Robert Stratton
    DA2917
    SCI FOREST
    P.O. BOX 945
    MARIENVILLE, PA 16239

    Robert Stratton
    DA2917
    Box A
    Bellefonte, PA 16823-0820