# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT STRATTON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 11-142 |
| | ) | Magistrate Judge Maureen P. Kelly |
| CO I STEVE, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Robert Stratton ("Plaintiff"), currently an inmate at the State Correctional Institution at Huntingdon, filed a civil rights complaint alleging that Defendants, who worked at the State Correctional Institution in Fayette, violated his constitutional rights while Plaintiff was housed there.

This case is on remand from the United States Court of Appeals for the Third Circuit. The Court of Appeals directed this Court to "consider whether a reason exists to extend the time for filing a notice of appeal pursuant to Fed. R. App. P. 4(a)(5)." ECF No. 164. Based on our thorough review of the record and arguments of Plaintiff, we find that Plaintiff has met the Rule 4(a)(5) criteria and established grounds for relief under that Rule.

### II. PROCEDURAL HISTORY

When the instant case was proceeding before this Court, Plaintiff requested pro bono counsel and counsel was appointed for him. ECF No. 85. After discovery was conducted, a Motion for Summary Judgment was filed by the Defendants. ECF No. 125. On January 29, 2014, this Court granted the Motion for Summary Judgment in favor of the Defendants and entered Judgment the same day. ECF Nos. 142, 143.

Thereafter, pro bono counsel filed a Motion by Plaintiff's Appointed Counsel for Reimbursement of Costs on February 26, 2014. ECF No. 145. In Paragraph 5 of the Motion, counsel stated:

> Robert J. Marino, Esquire represented Plaintiff thereafter until the representation of the Plaintiff concluded upon the Court entering an "Opinion and Order" and "Judgment" in favor of the Defendants and against the Plaintiff granting the Defendants' Motion for Summary Judgment. (Docs. 142 and 143, respectively).

Id. ¶ 5.

On March 24, 2014, Plaintiff, acting pro se, filed a letter as a Notice of Change of Address dated March 12, 2014, indicating that as of March 3, 2014, Plaintiff had been transferred to another prison, the State Correctional Institution at Albion. ECF No. 147.

On May 9, 2014, Plaintiff, acting pro se, filed a "Motion to Inform the Court" wherein he represented that on February 28, 2014, he placed "his 'Notice to Appeal' in the mail, first class, via U.S. Postal Services, properly addressed and forwarded to this Court (@ P.O. Box 1805, Pittsburgh, Pa. 15230)[.]" ECF No. 149 at 1. He further represented that on March 18, 2014, he received a "return to sender" notification containing his Notice to Appeal which was purportedly dated/submitted February 28, 2014. The return to sender notice indicated that the mail was "not deliverable as addressed[.]" Id. at 2. Plaintiff contends that somehow this "return to sender" notice was the result of "a tactical delay implimented [sic] by SCI-Forest [where he was then housed] officials to intentionally obstruct Appellants [sic] appealable due process and deprive Appellant from keeping his afforded pursuit for relief in his action against SCI-Fayette officials who have wronged the Appellant." Id.

On the same date that Plaintiff filed his "Motion to Inform the Court," he also filed a Notice of Appeal of the Opinion and Order from this Court dated January 29, 2014, entering

summary judgment in favor of the Defendants. ECF No. 150. The Notice of Appeal was dated February 28, 2014. Id.

On July 10, 2014, the United States Court of Appeals for the Third Circuit granted Plaintiff's Application to Proceed In Forma Pauperis and referred Plaintiff's request for appointment of counsel to a motions panel. ECF No. 156.

On June 23, 2015, the Court of Appeals issued an Order that stated in full as follows:

> We retain jurisdiction but remand this matter to the District Court so that it may consider whether a reason exists to extend the time for filing a notice of appeal pursuant to Fed. R. App. P. 4(a)(5). The District Court is requested to consider whether the contents and arguments contained in either Appellant's "Notice of Change of Address" (Docket Entry #147), or his "Motion to Inform the Court" (Docket Entry #149), establish grounds for relief under that Rule. We express no opinion as to whether Appellant has, in fact, met the Rule 4(a)(5) criteria for obtaining an extension of time. This appeal will be held in abeyance until the District Court issues a decision. Pending resolution of these matters in the District Court, we will hold in abeyance all other matters before this Court.

ECF No. 164. But see United States v. McKnight, 593 F.2d 230 (3d Cir. 1979).

## III. DISCUSSION

Pursuant to the Order of the Court of Appeals dated June 23, 2015, we consider whether the contents and arguments contained in either the Notice of Change of Address, ECF No. 147, or the Motion to Inform the Court, ECF No. 149, establish grounds for relief under Fed. R. App. P. 4(a)(5).

Federal Rule of Appellate Procedure 4(a)(5) expressly provides:

(5) Motion for Extension of Time.

    (A) The district court may extend the time to file a notice of appeal if:

        (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

        (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party

3

> shows excusable neglect or good cause.
>
> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
>
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

We understand the Order of the Court of Appeals to mean that we must determine whether Plaintiff has shown "excusable neglect or good cause" in either of the two identified filings. We further understand that our inquiry is limited to the contents of the two filings. We do not deem the Order of the Court of Appeals to permit us to order additional evidentiary materials or to conduct a hearing. Pursuant to this understanding of the Order, we do not address whether either the Notice of Change of Address, ECF No. 147 (deemed filed on March 12, 2014, pursuant to the prisoner mail box rule) or the Motion to Inform the Court, ECF No. 149 (deemed filed on March 19, 2014, pursuant to the prisoner mail box rule) comes within the 30 day period prescribed by Rule 4(a)(5)(A).

The Court of Appeals has explained that "good cause" and "excusable neglect" are two different standards. Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 323 n.2 (3d Cir. 2012). As explained by the United States Court of Appeals for the Seventh Circuit, concerning the difference in the two standards:

> [t]he relevant question is one of fault, as "[t]he excusable neglect standard applies in situations in which there is fault; in such situations, the need for extension is usually occasioned by something within the control of the movant." *Id*. On the other hand, the good cause standard "applies in situations in which there is no fault—excusable or otherwise." *Id*. So, for example, if "the Postal Service fails to deliver a notice of appeal, a movant might have good cause" and can still seek an extension under that standard during the thirty days following the expiration of the original deadline.

Sherman v. Quinn, 668 F.3d 421, 425 (7th Cir. 2012).

In Ragguette, the United States Court of Appeals for the Third Circuit explained that the analysis of "excusable neglect" as follows:

> Although every case must be examined on an ad hoc basis and it is impossible to compose an exhaustive list of factors relevant to a determination of whether excusable neglect has occurred, a thoughtful analysis of this issue in a particular context will, at a minimum, require a weighing and balancing of the following factors: (1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure, *Campbell v. Bowlin*, 724 F.2d 484 (5th Cir.1984) (failure to read rules of procedure not excusable); (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, *Airline Pilots v. Executive Airlines, Inc.*, 569 F.2d 1174 (1st Cir. 1978) (mistake in diarying counsel's calendar not excusable); (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence, *United States v. Commonwealth of Virginia*, 508 F.Supp. 187 (E.D.Va.1981) (failure to arrange coverage during attorney's vacation which encompassed end of appeal period not excusable); (4) whether the inadvertence reflects a complete lack of diligence, *Reinsurance Co. of America, Inc. v. Administratia*, 808 F.2d 1249 (7th Cir. 1987); or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance.

Ragguette, 691 F.3d at 325 – 26.

In considering the issue as directed by the Court of Appeals, we find it necessary to take judicial notice of the following facts: 1) the mailing address for the Clerk's Office of United States District Court for the Western District of Pennsylvania had been at the time Plaintiff initiated this suit: "United States District Court Clerk, P.O. Box. 1805, Pittsburgh, PA. 15230"; 2) on June 30, 2012, this P.O. Box was closed and the address was changed to: "Clerk's Office, U.S. District Court, 700 Grant Street, Suite 3110, Pittsburgh, PA. 15219"; 3) for one year following June 30, 2012 or until June 30, 2013, mail sent to the former P.O. Box address was forwarded to the Clerk's Office by the United States Post Office; 4) mail addressed to the Clerk's Office at the physical address of 700 Grant Street, Pittsburgh, PA. 15219 prior to the closing of

the P.O. Box would be delivered to the Clerk's office and any filings contained therein would be docketed.

Taking the identified judicially noticed facts into consideration along with the allegations that Plaintiff makes in ECF No. 149 (Plaintiff's Notice to Inform the Court), i.e., that he "dated/submitted" a Notice of Appeal on February 28, 2014 to "P.O. Box 1805, Pittsburgh, PA. 15230[,]" we conclude that the foregoing may establish excusable neglect within the contemplation of Fed.R.App. P. 4(a)(5). We conclude so based primarily on the reasoning found in Consolidated Freightways Corp. of Delaware v. Larson, 827 F.2d 916 (3d Cir. 1987), *superceded on other grounds by amendments to the rule as recognized in*, Price v. General Cable Industries, Inc., 466 F.Supp.2d 610 612 (W.D. Pa. 2006).

In Larson, an attorney erroneously sent a Notice of Appeal to the Clerk's Office in the Eastern District of Pennsylvania, when in fact, the Notice of Appeal should have been filed in the Clerk's Office for the Middle District of Pennsylvania. The attorney upon realizing the mistake filed a Motion in the United States District Court for the Middle District of Pennsylvania pursuant to the version of Fed.R.App.P. 4(a)(5) in effect at that time. The District Court for the Middle District denied the motion, "reasoning that a clerical error made by counsel or someone under counsel's control can never constitute 'excusable neglect' within the meaning of 4(a)(5)[,]" and the attorney appealed. Id. at 918. The United States Court of Appeals for the Third Circuit reversed, finding that the District Court abused its discretion. The Court of Appeals stated that the "issue before this court is whether the inadvertent misdirection of a notice of appeal, which results in untimely filing, constitutes excusable neglect within the meaning of Federal Rule of Appellate Procedure 4(a)(5)." Id. In answering this question in the affirmative, the Court of Appeals reasoned that:

6

> [w]e find it clear from the language of Rule 4(a) itself that the concept of excusable neglect encompasses more than acts, omissions, or events beyond the control of appellant and appellant's counsel. Section 4(a)(1) provides that if a notice of appeal is mistakenly filed in the court of appeals, rather than the district court, the clerk of the court of appeals shall automatically transfer the appeal and it shall be deemed filed on the date it was received by the circuit court. As eloquently stated by the dissent in *State of Oregon, supra*:
>
>> [t]his example evidences the drafters' intent that de minimis instances of neglect, **such as the misaddressing of an envelope, be excused.** To hold that mailing a notice of appeal to the [wrong] court is inexcusable although the rules explicitly require an opposite result if notice is mistakenly sent to the court of appeals defies explanation.
>
> *State of Oregon*, supra, at 1302.

Larson, 827 F.2d at 916 (emphasis added).

In the instant case, similar to Larson, it appears that Plaintiff has misaddressed an envelope. Considering only the "contents and arguments" in Plaintiff's two filings as directed by the Court of Appeals, it appears that Plaintiff addressed the envelope using an older Clerk's Office address. Such misaddressing may be excused in light of Rule 4's intent that *de minimis* instances of neglect may be excused. Therefore we find that Plaintiff has established grounds for relief under Rule 4.[1]

We would be remiss if we did not note that if Plaintiff had filed a motion in this Court pursuant to Rule 4(a)(5) as required by that Rule (rather than the procedural posture that this case is in now), we would have conducted an evidentiary hearing to flesh out the facts of this case so as to properly apply the five Raguette factors (to the extent applicable and adaptable to a pro se proceeding) in order to: 1) determine why Plaintiff sent his pro se filings to the "U.S. Clerk,

---

[1] Because Plaintiff misaddressed an envelope, we conclude that Plaintiff engaged in some fault and therefore, the "good cause" standard is not applicable herein. Raguette, 691 F.3d at 323 n.2 ("The good cause standard 'applies in situations in which there is no fault—excusable or otherwise.' Fed. R.App. P. 4 (Advisory Committee's Notes on 2002 Amendments).").

U.S. Courthouse, Western District of Pennsylvania, 700 Grant Street, Pittsburgh, Pa. 15219" in many of his pro se filings preceding the filing of the Notice of Appeal, e.g., ECF Nos. 56-4 (filed 12/27/2011); 57-3 (filed 1/3/2012); 61-1 (filed 1/9/2012); 66-1 (filed 2/15/12); 67-6 (filed 2/15/2012); 72-1 (filed 2/28/2012); 74-1 (filed 3/29/2012); 84-1 (filed 5/23/2012), but he then filed the Notice of Appeal in February 2014 to the then-defunct P.O. Box address; 2) what, if anything, Plaintiff's pro bono counsel instructed Plaintiff as to the filing of the Notice of Appeal and, 3) why Plaintiff's Motion to Inform the Court, ECF No. 149, purportedly signed by Plaintiff on March 19, 2014, was not received by the Clerk's Office until May 9, 2014, and 4) whether the motion (for extension of time in which to file the Notice of Appeal) which Plaintiff should have filed in this Court was filed within the time required by the Rule.

Finally, given that Plaintiff's pro bono counsel is no longer counsel of record, the Clerk's Office should remove counsel and substitute Robert Stratton who is proceeding pro se.

/s/ Maureen P. Kelly
MAUREEN P. KELLY
Chief United States Magistrate Judge

Date: August 31, 2015

cc: ROBERT STRATTON
    DA-2917
    1100 Pike Street
    Huntingdon, PA 16654-1112